# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| CONFLOR, INC.<br>FLOR REALTY, INC. | CASE NO. 09-10746 (BKT) |
| Debtor | CHAPTER 11 |

## MOTION REQUESTING CONSOLIDATION OF CASES

COME NOW, Conflor, Inc and Flor Realty, Inc., Debtors in Possession herein, through the undersigned counsel and respectfully avers and prays:

The voluntary petition in the captioned chapter 11 reorganization proceedings were filed on December 16, 2009 for Conflor, Inc. The related proceeding of Flor Realty, Inc., Case no. 09-09667 (BKT), was filed on November 10, 2009.

The debtor in both cases filed a Motion Requesting Joint Administration, docket 11 in Flor Realty and Docket 5 in Conflor, Inc.

During the Status Conference in the Flor Realty case, the Court allowed debtor to inform the Court state in twenty days if it will go forward with its request for administrative consolidation (docket #11) and parties are allowed twenty (20) days, thereafter, to file objections.

After analysis of the corporation's financial information, and discussion with the clients and with counsel for Banco Santander, Debtors wish to request the substantive consolidation of both cases.

The cases were filed separately, as each debtor is a separate corporation with

1

capacity to sue and be sued. Since their creation and through their operational existence, the financial affairs of the two corporations have been closely related and handled by Conflor, Inc.

Flor Realty is the owner of real estate in Ave. Domenech, Hato Rey, PR. The realty is leased to Conflor, Inc., who runs a restaurant therein, known as CASTELLANOS.

Banco Santander is the major creditor, which financed the purchase of the real properties and holds a first mortgage as guarantee. Banco Santander also granted loans and credit lines to Conflor, Inc. The payment of all debts with the bank, and the payment of the mortgage has since the establishment, been handled by Banco Santander through Conflor's operational account. Each corporation executed cross guarantees for the debt of both corporations. Actually, Flor Realty does not have a bank account.

Bankruptcy Rule 1015(b) allows the consolidation or joint administration of cases involving two or more related debtors. In these cases, unsecured creditors of Conflor, Inc. will actually benefit from the pooling of assets, as Flor Realty holds real estate with substantial equity, absent in the Conflor estate.

The circumstances present in the cases are appropriate for the Court to order the substantive consolidation of the corporate entities thereby merging the assets and the liabilities of both estates, creating a common fund of assets and a single body of creditors.

Both corporations have operated as an interrelated corporate group, which also operate under common control and centralized management services; they share a common ownership and common officers. In addition, the corporations are financially interrelated; shareholders are co-signers or cross-collateralized the loans and lines of credit with Banco Santander de Puerto Rico.

Although institutional lenders and trade vendors know they are dealing with different legal entities, they have always considered all debtors as one entity for all practical and legal purposes. As the assets have been administered jointly, and a joint plan will be prepared, the consolidation will not result in inequities to any particular creditor. On Flor Realty, only two creditors are present, Banco Santander, who is a secured creditor, and CRIM is classified as unsecured priority. Both creditors stand to receive 100% on their claims. No other creditors will be affected by the joint administration. Actually, unsecured creditors will benefit with the substantive consolidation.

The Court also inquired as to the applicable procedures to be followed, as Flor Realty is a single asset case, while Conflor, Inc. is a small business proceeding. In spite of our efforts, we have not found any statutory of case guidance on the issue.

As cases are consolidated into the older case, in this case, Flor Realty, the single assets case, it would seem logical for those procedures to be applied in both cases.

Debtors are willing to use the single asset case procedures, which in essence, mandate that the Disclosure Statement and Plan will be filed within a time period shorter than the time allowed to small business cases, and there appears that the

Disclosure Statement may not be conditionally approved. Debtors will file the Disclosure Statement and Plan within the time the Court mandates, conscious that it will be before the bar date to file claims.

**WHEREFORE,** it is respectfully requested from this Honorable Court to order the Substantive Consolidation of the above captioned estates pursuant to Bankruptcy Rule 1015(b).

**NOTICE TO CREDITORS AND PARTIES IN INTEREST**

NOTICE IS HEREBY GIVEN that the foregoing Motion is hereby circulated to all creditors and parties in interest. You are hereby advised that should no timely written opposition is filed within the next TWENTY (20) days from the date of this notice, the same may be approved by the Court without further notice or hearing.

I HEREBY CERTIFY that the foregoing motion was filed with the Clerk of the Bankruptcy Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves notification to the US Trustee and upon parties in interest.

San Juan, Puerto Rico, this 28th day of January, 2009.

**/s/ Carlos E. Rodríguez Quesada**
PO Box 9023115
San Juan, Puerto Rico 00902-3115
Tel.: 787-724-2867 Fax: 787-724-2463
E-mail:cerqlaw@coqui.net